# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GEORGE DuFOUR,

       Plaintiff,

vs.                                            No. CIV 09-0802 JB/LFG

CITY OF LAS VEGAS and TONY E. MARQUEZ,
in his official capacity and individually,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant [City of Las Vegas]'s First Motion to Compel, filed December 15, 2009 (Doc. 17).  A Memorandum of Points and Authorities in Support of Defendant's First Motion to Compel (Doc. 18)("Memo.") accompanied the motion.  The Court held a hearing on January 22, 2010.  The primary issue is whether the Court should compel Plaintiff George DuFour to: (i) provide Defendants City of Las Vegas and Tony Marquez with DuFour's Initial Disclosures; (ii) provide the Defendants with a verification of all of the answers to interrogatories DuFour has previously provided; (iii) provide the Defendants with supplementation to Interrogatories 5, 7, 12, 13, 15, and 23; and (iv) provide the Defendants a response to the Requests for Production, signed releases, and responsive documents in DuFour's possession or under his control.  For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will grant the City of Las Vegas's motion to compel.

At the hearing, DuFour's attorney, Eleanor K. Bratton, represented that the failure to provide initial disclosures was an oversight and that she will produce the initial disclosures by the end of business on January 22, 2010.  The Court, therefore, orders that DuFour produce his Initial

Disclosures to the Defendants by the end of business on January 22, 2010.

Ms. Bratton also represented that DuFour had previously prepared and sent to the Defendants both verifications of DuFour's answers and signed releases. Gianna M. Mendoza, representing the Defendants, stated that the Defendants have not received either the verifications or the signed releases to date. Ms. Bratton stated that she would obtain a new verification and signed releases from DuFour, who is currently out of town. The Court therefore orders that Ms. Bratton send the necessary verification and releases to DuFour, orders that DuFour sign the verification of the answers previously provided to the Defendants' interrogatories and sign the releases of documents, and further orders that DuFour deliver the verification and releases via facsimile transmission to the Defendants by no later than 5:00 p.m. on Monday, January 25, 2010. Ms Bratton shall provide DuFour with the facsimile telephone number he should use for the Defendants.

The City of Las Vegas's motion to compel requests that the Court compel DuFour to respond to the City of Las Vegas's First Request for Production. In the City of Las Vegas's Reply to Plaintiff's Response to Defendant's First Motion to Compel, filed January 11, 2010 (Doc. 20), the City of Las Vegas noted that the parties had resolved some of their discovery disputes. At the hearing, Ms. Mendoza represented to the Court that DuFour had produced a response to the request for production, but that she had not yet had the opportunity to fully review the response. She brought to the parties' and the Court's attention that the response provided did not respond to Requests for Production Nos. 16, 17, 18, 19, and 20. Ms. Bratton represented to the Court that this was an unintentional oversight, and that she had prepared responses but must have provided an earlier draft to the Defendants. She indicated that the responses stated that the documents requested were in the Defendants' possession already. The Court orders DuFour to provide the Defendants with a response to the outstanding requests for production via facsimile transmission by the end of

business on January 22, 2010.  The Court also orders that, although the Defendants may already be in possession of documents responsive to the requests for production, DuFour must still produce all documents in his possession, custody, or control, which fall within the scope of the requests.  The Court orders that DuFour must produce the responsive documents to the Defendants by the end of business on Tuesday, January 26, 2010.

At the hearing, Ms. Mendoza represented to the Court that many of the disputes regarding Interrogatories Nos. 5, 7, 12, 13, 15, and 23 have been resolved with supplemental responses DuFour has provided to the Defendants, and the outstanding disputes have been narrowed.  Interrogatory No. 5 requests information regarding DuFour's past employment information, any disciplinary action, his reasons for leaving past employers, and requests DuFour to identify all jobs for which he has applied for employment from February 4, 2009 through the present.  Ms. Mendoza represented at the hearing that the only outstanding response is to the request to identify employment opportunities to which DuFour has applied.  The Court, therefore, orders DuFour to provide the Defendants with a supplemental answer to Interrogatory No. 5 stating which, if any, employment opportunities for which DuFour has applied from February 4, 2009 until the present.  The Court orders DuFour to produce the supplemental answer by the end of business on Tuesday, January 26, 2010.

Interrogatory No. 7 requests information pertaining to DuFour's military service.  DuFour provided an answer to this interrogatory, including a document which describes his service in the United States Air Force.  Ms. Mendoza represents, however, that the answer does not make clear the date DuFour was honorably discharged.  The Court, therefore, orders DuFour to provide the Defendants with a supplemental answer stating the date DuFour was discharged from military service, which must be produced to the Defendants by the end of business on Tuesday,

January 26, 2010.

Interrogatory No. 12 requests a description of all prescriptions and medications which DuFour has been prescribed, including the name of the prescribing physician, the dates the prescriptions were refilled, if DuFour had been prescribed the medication before the date of the incident at issue, and the medical condition for which the medication was prescribed.  In response to this interrogatory, DuFour responded "See attached."  Memo. Exhibit 1 at 8 (Doc. 18-2).  Ms. Mendoza represented to the Court at the hearing that no attachments accompanied the response.  The Court, therefore, orders DuFour to produce a supplemental answer to Interrogatory No. 12, which provides the missing responsive attachments, by the end of business on Tuesday, January 26, 2010.

Interrogatory No. 13 requests a complete itemization of each and every expense or damage DuFour has incurred or sustained as a result of the incidents complained of on the lawsuit, including, but not limited to, all medical and health expenses.  According to the City of Las Vegas's reply, DuFour represented to the Defendants, in a letter dated December 22, 2009, that DuFour is seeking lost wages from the date of termination through trial, and front pay as determined by DuFour's expert, Dr. Allen Parkman.  See Reply at 3 n.2.  DuFour also indicated that the Defendants would receive Dr. Parkman's report by the end of January 2010.  See id.  At the hearing, Ms. Bratton indicated that Dr. Parkman's report is almost completed and that DuFour intends to provide the report to the Defendants as soon as it is completed.  Ms. Mendoza indicated, however, that DuFour has not provided any information from which the Defendants can make a cursory damage calculation, which is necessary to prepare for an upcoming settlement conference between the parties.  The Court orders that DuFour must provide a responsive supplemental answer to the Defendants by the end of business on Tuesday, January 26, 2010, which provides the Defendants with a means of making a cursory damage calculation, regardless of the status of Dr. Parkman's

report.

Interrogatory No. 23 requests DuFour to identify each and every document or other tangible thing that he may introduce into evidence or use for demonstrative purposes at the trial.  The Court has ordered all responsive documents be produced to the Defendants by the end of business on Monday, January 25, 2010.  The Court also orders DuFour to provide a supplemental answer to Interrogatory No. 23 by the end of business on Tuesday, January 26, 2010, identifying the documents within the scope of the interrogatory.

**IT IS ORDERED** that  Defendant's First Motion to Compel is granted as set forth in this opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eleanor K. Bratton
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

James P. Sullivan
Gianna M. Mendoza
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

   *Attorneys for the Defendant*s